**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLEY MICHAEL, INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE ESTATE OF REAGAN ROSE DOYLE, DECEASED** | : <br> : <br> : <br> : <br> : | |
| **And** | : <br> : <br> : | **CASE NO.: 16-CV-118** <br><br> **JUDGE _____** |
| **DANIEL DOYLE, INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE ESTATE OF REAGAN ROSE DOYLE, DECEASED** | : <br> : <br> : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** <br> **(Related to Case No. 2:15-cv-851)** |
| **Plaintiff,** | : <br> : | |
| **v.** | : <br> : | **CHIEF JUDGE SARGAS** <br><br> **MAGISTRATE JUDGE DEAVERS** |
| **THE UNITED STATES OF AMERICA; CHANGE INCORPORATED, a West Virginia Corporation; FAMILY MEDICAL CARE COMMUNITY HEALTH CENTER; AND KARA ANNE O'KARMA, D.O.** | : <br> : <br> : <br> : <br> : <br> : | |
| **And** | : <br> : | |
| **TRINITY WEST d/b/a TRINITY MEDICAL CENTER WEST 4000 Johnson road Steubenville, OH 43952** | : <br> : <br> : <br> : <br> : | |
| **Defendants.** | : | |

Plaintiffs Kelley Michael and Daniel Doyle, individually and as Co-Administrators of

the Estate of Reagan Rose Doyle, by and through counsel, hereby state their Complaint against

Defendants as follows:

1

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.    This Court enjoys jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), *et seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2.    As to those claims asserted herein against the defendants Trinity Health System, Trinity West, and Sylvania Franciscan Health the Federal District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.    Venue is appropriate to all parties and causes pursuant to 28 U.S.C. § 1391(a)(2) because all or a substantial part of the events that gave rise to Plaintiff's claims transpired in the Southern District of Ohio, specifically in Jefferson County, Ohio.

4.    This suit has been timely filed, in that Plaintiffs timely served notice of their claim on U.S. Department of Health and Human Services, General Law Division, receipt of which was acknowledged on February 4, 2015.

5.    To this date, Plaintiffs' have not received a formal denial of any of their administrative tort claims.

## PARTIES

6.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

7.    Plaintiffs, Kelley Michael and Daniel Doyle ("Plaintiffs"), are the duly appointed Co-Administrators of the Estate of Reagan Rose Doyle, having been so named by the Jefferson County Probate Court, Case No. 2014-ES-348 on September 25, 2014.

8.    Plaintiffs bring all claims herein individually and on behalf of the next of kin of the Estate of Reagan Rose Doyle.

9.      At all relevant times, defendant, the United States of America, acted through its agency, the United States Department of Health and Human Services.

10.     Defendant United States of America is liable for personal injuries and medical malpractice committed by government employees under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, including Kara Anne O'Karma, D.O. ("Dr. O'Karma") and Change Incorporated ("Change, Inc.") which operates a delivery site at Family Medical Care Community Health Center in Wintersville, Ohio.

11.     Dr. O'Karma is a physician licensed to practice medicine in the State of Ohio who holds herself out as a specialist in the field of obstetrics and/or gynecology.

12.      At all relevant times, Dr. O'Karma was acting as an agent, employee and/or representative of the United States, Change Incorporated, Family Medical Care Community Health Center, and/or Trinity West within the course and scope of her agency and/or employment duties.

13.     Change, Inc. is a foreign corporation licensed to do business in the State of Ohio under license number 216096 and held itself out as an entity competent by way of personnel and facilities to render quality medical care to the public at large and to Plaintiff Kelley Michael, in the area of obstetrics and gynecology.

14.     At all relevant times, Change, Inc. provided services in Jefferson County, Ohio by and through individuals, employees and agents, personnel, staff, nurses, and/or physicians to Plaintiff Kelley Michael and Plaintiff's decedent Reagan Rose Doyle.

15.     Family Medical Care Community Health Center is a corporation or other similar entity licensed to do business in the State of Ohio and/or held itself out as an entity competent

by way of personnel and facilities to render quality care to the public at large and to Plaintiff Kelley Michael.

16. Family Medical Care Community Health Center is a covered entity deemed a Public Health Service employee under the Federal Supported Health Centers Act.

17. At all relevant times, Family Medical Care Community Health Center provided services in Jefferson County, Ohio by and through individuals, employees and agents, personnel, staff, nurses, and/or physicians to Plaintiff Kelley Michael and Plaintiff's Decedent Reagan Rose Doyle.

18. The Department of Health and Human Services deemed Change, Inc. to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233 on January 1, 2013, and its deemed status has continued without interruption since that date.

19. Change, Inc. and Dr. O'Karma were deemed to have been Public Health Service employees under 42 U.S.C. §233(g) at the time of the incident complained of herein.

20. The United States Attorney for the Southern District of Ohio certified that Change, Inc. and Dr. O'Karma were acting within the scope of their employment at the time of the incident complained of herein.

21. Defendant Trinity West is an Ohio corporation having its principal place of business in Jefferson County, Ohio and doing business as a medical provider.

22. At all relevant times Defendant Trinity West provided services in Jefferson County, Ohio by and through individuals, employees and agents, personnel, staff, nurses, and/or physicians to Plaintiff Kelley Michael and Plaintiffs' decedent Reagan Rose Doyle.

## FACTS

23.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully
        rewritten herein.

24.     On February 6, 2014 Plaintiff Kelley Michael, approximately one week past her due date,
        presented to Trinity Medical Center labor and delivery and came under the medical care
        and attention of Defendants for a scheduled induction of labor.

25.     Upon her admission to the hospital, Plaintiff Kelley Michael was experiencing uterine
        contractions, was administered Cervidil for induction of labor, and was attached to a fetal
        heart rate monitor. The fetal heart rate tracings revealed reassuring fetal heart tones.

26.     Throughout the day, the fetal heart tracings revealed periods that indicated fetal distress,
        including periods of marked variability and inadequate rest time between contractions.

27.     Dr. O'Karma assessed Plaintiff Kelley Michael on the morning of February 7 and began
        Pitcoin at two milliunits per minute. The Pitocin administration continued in increasing
        increments throughout the day until approximately 7:55 p.m. It was then started at 12:00
        a.m. on February 8 and continued to increase hourly.

28.     Over the next several hours, the fetal heart rate monitor continued to reveal periods of
        non-reassuring fetal heart tracings, including repetitive late decelerations, the absence of
        accelerations, and minimal to marked variability.

29.     Dr. O'Karma ordered the discontinuation of Pitocin and an amnio-infusion after the fetal
        heart rate tracings revealed fetal bradycardia. She informed the nursing staff that she was
        on her way to the hospital.

30.     Hospital staff attempted, unsuccessfully, to contact Dr. O'Karma. Plaintiff Kelley

        Michael was taken to the operating room for an emergency cesarean section and an

        anesthesia team was prepped and waiting to proceed with surgery.

31.     Dr. O'Karma arrived at the hospital at 9:02 p.m. and delivered Reagan Rose Doyle at

        9:07 p.m., who was limp, flaccid and blue. Her APGAR scores at 1, 5, and 10 minutes

        were "0", "0", "1".

32.     Reagan Rose Doyle died on February 14, 2014 secondary to hypoxic ischemic

        encephalopathy.

### COUNT I – NEGLIGENCE OF THE UNITED STATES OF AMERICA

33.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully

        rewritten herein.

34.     At all relevant times, Dr. O'Karma and Change, Inc. were Public Health Service

        Employees and were acting in the course and scope of their employment and/or agency

        duties.

35.     Public Health Service Employees Dr. O'Karma and Change, Inc. had a duty to provide

        prudent, standard, and safe medical care to Plaintiffs Kelley Michael and Reagan Rose

        Doyle.

36.     Defendant the United States, by and through its Public Health Service Employees,

        including but not limited to Dr. O'Karma and Change, Inc., was negligent in providing

        medical care and treatment to Plaintiff Kelley Michael and Plaintiffs' Decedent Reagan

        Rose Doyle, in that it failed to exercise or possess the degree of care, skill, and learning

        ordinarily exercised or possessed by professionals in their field and departed, with

        marked deviation, from the accepted standard of care.

6

37.     The negligence of the United States, by and through its Public Health Service Employees, was a direct and proximate cause of Plaintiffs' injuries, the conscious pain and suffering of Plaintiffs' Decedent prior to her death, and the injuries and death of Plaintiffs' Decedent, Reagan Rose Doyle.

38.     The actions of Public Health Service Employees Dr. O'Karma and Change, Inc. constitute the tort of negligence under the laws of the State of Ohio.

39.     Under the Federal Tort Claims Act, defendant United States of America is liable for the actions of Dr. O'Karma and Change, Inc.

## COUNT II – NEGLIGENCE OF DR. O'KARMA

40.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

41.     The negligence of Dr. O'Karma includes, but is not limited to, the following acts or omissions to act:

- Failing to exercise or possess the degree of knowledge, skill, and care ordinarily exercised or possessed by professionals in Dr. O'Karma's field;

- Failing to timely and appropriately monitor Reagan Rose Doyle's pre-delivery condition and/or cause others to do so;

- Failing to adequately and timely communicate with other healthcare providers involved in Reagan Rose Doyle's pre-delivery care;

- Failing to discover, recognize, and/or timely and appropriately respond to Regan Rose Doyle's indicia of fetal distress, fetal hypoxia, and/or fetal intolerance of labor and/or cause others to do so;

- Failing to properly interpret Reagan Rose Doyle's fetal heart tracings;

7

- Failure to timely and properly employ obstetrical interventions, including but not limited to, maternal position change, administration of fluids, amnio-infusion, discontinuation of oxytocin and cervical ripening agents, vibro-acoustic stimulation, administration of terbutaline, and use of fetal scalp stimulation, and/or cause others to do so;

- Failing to adequately manage the administration and/or discontinuation of medications to Plaintiff Kelley Michael, such as Pitocin, ephedrine, terbutaline, cervical ripening agents, and/or fluids, and/or cause others to do so;

- Failing to recognize the need for and order an emergency cesarean section delivery and/or cause others to do so;

- Failing to timely and appropriately respond to reports from the hospital nursing staff indicating the need for rapid and/or emergency delivery of Reagan Rose Doyle and/or cause others to do so;

- Failing to timely and appropriately return to the hospital after receiving reports from nursing staff indicating the need for rapid and/or emergency delivery of Reagan Rose Doyle and/or cause others to do so;

- Failing to protect Reagan Rose Doyle from irreparable harm including, but not limited to, anoxic brain injury, organ injury, and premature death.

42. The negligence of the Dr. O'karma was a direct and proximate cause of Plaintiffs' injuries, the conscious pain and suffering of Plaintiffs' Decedent prior to her death, and the injuries and death of Plaintiffs' Decedent, Reagan Rose Doyle.

8

## COUNT III – NEGLIGENCE OF DEFENDANTS CHANGE, INC. AND FAMILY MEDICAL CARE COMMUNITY HEALTH CENTER

43.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

44.     The nurses, healthcare providers and/or physicians responsible for the care of Plaintiff Kelley Michael and her decedent Reagan Rose Doyle, including but not limited to Dr. O'Karma, D.O., were agents, employees, and/or principals of Change, Inc. and/or Family Medical Care Community Health Center and were acting within the scope of their employment at all times relevant hereto and acted with the actual/apparent authority of Change, Inc. and/or Family Medical Care Community Health Center.

45.     The negligence of Change, Inc. and Family Medical Care Community Health Center, by and through its doctors, nurses, and other agents and/or employees includes, but is not limited to, the following acts or omissions to act:

- Failing to provide for the proper treatment, triage, diagnosis, evaluation, supervision, medical and/or surgical management, medication, and/or observation;

- Failing to adopt and/or enforce adequate policies and procedures to ensure the timely and appropriate delivery;

- Failing to adopt and/or enforce adequate policies and procedures to ensure that their employees, agents, and/or principals are adequately trained, educated, and skilled to provide care to patients, including patients such as Plaintiff Kelley Michael and Reagan Rose Doyle;

- Failing to adopt and/or enforce staffing policies and procedures to ensure that adequate staff was available to manage and care for patients, including patients such as Plaintiff Kelley Michael and Reagan Rose Doyle;

- Failing to adopt and/or enforce adequate policies and procedures to ensure adequate and timely communication between health care providers, including on-call physicians;

- Failing to adopt and/or enforce adequate policies and procedures to protect patients, including patients such as Reagan Rose Doyle, from irreparable harm in the form of anoxic brain injury, organ injury, and premature death.

46.    Change, Inc. and Family Medical Care Community Health Center are vicariously liable for the acts and/or omissions of its agents, employees and/or principals under theories of respondeat superior, apparent agency, and/or agency by estoppel.

47.    The negligence of Change, Inc. and Family Medical Care Community Health Centers', as employer and/or principal, was a direct and proximate cause of Plaintiffs' injuries, the conscious pain and suffering of Plaintiffs' Decedent prior to her death, and the injuries and death of Plaintiffs' Decedent, Reagan Rose Doyle.

## <u>COUNT IV – NEGLIGENCE OF DEFENDANT TRINITY WEST</u>

48.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

49.    The nurses, healthcare providers and/or physicians responsible for the care of Plaintiff Kelley Michael and her decedent Reagan Rose Doyle, including but not limited to Dr. O'Karma, were agents, employees, and/or principals of Defendant Trinity West ("Trinity

10

West) and were acting within the scope of their employment at all times relevant hereto and acted with the actual/apparent authority of Trinity West.

50.  The negligence of Trinity West includes, but is not limited to, the following acts or omissions to act:

- Failing to provide for the proper treatment, triage, diagnosis, evaluation, supervision, medical and/or surgical management, medication, and/or observation;

- Failing to adopt and/or enforce adequate policies and procedures to ensure the timely and appropriate delivery;

- Failing to adopt and/or enforce adequate policies and procedures to ensure that their employees, agents, and/or principals are adequately trained, educated, and skilled to provide care to patients, including patients such as Plaintiff Kelley Michael and Reagan Rose Doyle;

- Failing to adopt and/or enforce staffing policies and procedures to ensure that adequate staff was available to manage and care for patients, including patients such as Plaintiff Kelley Michael and Reagan Rose Doyle;

- Failing to adopt and/or enforce adequate policies and procedures to ensure adequate and timely communication between health care providers, including on-call physicians;

- Failing to adequately and timely recognize and/or communicate changes and/or developments in the fetal condition to necessary health care providers, including on-call physicians;

11

- Failing to adopt and/or enforce adequate policies and procedures to protect patients, including patients such as Reagan Rose Doyle, from irreparable harm in the form of anoxic brain injury, organ injury, and premature death.

51. Defendant Trinity West is vicariously liable for the acts and/or omissions of its agents, employees and/or principals under theories of respondeat superior, apparent agency, and/or agency by estoppel.

52. The negligence of Defendant Trinity West was a direct and proximate cause of Plaintiffs' injuries, the conscious pain and suffering of Plaintiffs' Decedent prior to her death, and the injuries and death of Plaintiffs' Decedent, Reagan Rose Doyle.

## COUNT V – LOSS OF CONSORTIUM

53. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

54. Plaintiffs' Decedent Reagan Rose Doyle was survived by her parents, Plaintiffs Kelley Michael and Daniel Doyle.

55. As direct and proximate result of Defendants aforesaid negligence, Plaintiffs Kelley Michael and Daniel Doyle have suffered a loss of love, affection, consortium, and companionship of their daughter, Reagan Rose Doyle.

## COUNT VI – FUNERAL EXPENSES

56. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully rewritten herein.

57. Plaintiffs' Decedent was survived by her parents, Plaintiffs' Kelley Michael and Daniel Doyle.

58.   As a direct and proximate results of the Defendants aforesaid negligence, the Estate of

      Reagan Rose Doyle has suffered damage in the form of burial funeral expenses in excess

      of Five Thousand Dollars.

      Wherefore, Plaintiffs demand judgment against defendants jointly and severally in excess

of $50,000.00 to fully and fairly compensate them for their injuries and damages past, present

and future together with costs of this action, interest, attorney fees, punitive damages, pre- and

post-judgment interest and any other amounts the discovery and evidence may warrant which

this Court deems appropriate.

                              Respectfully submitted,


                              /s/ Patrick J. Beirne
                              Patrick J. Beirne, Esq. (90050)
                              THE LAWRENCE FIRM, P.S.C.
                              606 Philadelphia Street
                              Covington, KY 41011
                              (859) 578-9130
                              (859) 578-1032 – facsimile
                              pjbeirne@lawrencefirm.com
                              jllawrence@lawrencefirm.com



                    **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all counts and issues contained herein.


                              /s/ Patrick J. Beirne
                              Patrick J. Beirne